# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MIGUEL S. STRASSNER,

    Plaintiff(s),

v.

ANDREW SAUL,

    Defendant(s).

Case No.: 2:18-cv-01500-APG-NJK

**REPORT AND RECOMMENDATION**

    This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title II of the Social Security Act. Currently before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 22. The Commissioner filed a response in opposition, Docket No. 28, and a Cross-Motion to Affirm, Docket No. 27. Plaintiff filed a reply. Docket No. 29. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I. STANDARDS**

    A.    <u>Judicial Standard of Review</u>

    The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in

1

controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, ___ U.S. ____, 139 S.Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.* In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the Administrative Law Judge ("ALJ") to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may

know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

### B. Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See, e.g.*, 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 404.1520(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence does not establish a significant limitation of an individual's ability to work. *See* 20 C.F.R. §§ 404.1521, 404.1522. If the individual does not have

3

a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(d). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. § 404.1520(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. Social Security Rulings ("SSRs") 96-8p.[1] In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record. SSR 16-3p. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Id.*

in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565. If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(g). If the individual is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.   BACKGROUND

### A.   Procedural History

On January 12, 2015, Plaintiff filed an application for disability insurance benefits alleging a disability onset date of September 22, 2014. *See, e.g.*, Administrative Record ("A.R.") 272-76. Plaintiff's claim was denied initially[2] and upon reconsideration on November 16, 2015. A.R. 212-15, 219-24. On November 24, 2015, Plaintiff filed a request for a hearing before an ALJ. A.R. 217-18. On December 13, 2016, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ Christopher Daniels. *See* A.R. 168-85. On August 29, 2017, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, through the date of the decision. A.R. 15-31. On June 7, 2018, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 1-7.

---

[2] The initial denial is not dated. *See* A.R. 212.

On August 13, 2018, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). *See* Docket No. 1.

B. The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. A.R. 15-31. At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2019, and has not engaged in substantial gainful activity since September 22, 2014. A.R. 20. At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the cervical, thoracic, and lumbar spines. A.R. 20-21. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 21. The ALJ found that Plaintiff has the residual functional capacity to perform:

> light work as defined by 20 CFR 404.1567(b) with the following exceptions: the claimant is unable to crawl; is occasionally able to climb, balance, stoop, kneel, and crouch; and is occasionally able to reach overhead with the left upper extremity.

A.R. 21-25. At step four, the ALJ found Plaintiff is capable of performing past relevant work as an apartment maintenance person. A.R. 25.[3] Based on all of these findings, the ALJ found Plaintiff not disabled through the date of the decision. A.R. 27.

**III. ANALYSIS AND FINDINGS**

Plaintiff raises three issues on appeal, arguing that the ALJ erred in discounting the opinion of Dr. Rogelio Machuca, Plaintiff's own testimony, and the lay testimony provided by Plaintiff's neighbor. The Court will address each issue in turn below.

A. Evaluation of Dr. Machuca's Opinion

Plaintiff first argues that the ALJ erred in discounting the opinion of his treating physician, Dr. Machuca, without providing sufficient reasoning. Mot. at 9-11. The Commissioner counters

---

[3] The ALJ also found alternatively that Plaintiff is capable of performing other jobs, including office helper, clerk, and mail clerk. A.R. 26-27.

that the ALJ articulated permissible grounds on which to discount that opinion. Resp. at 4-8. The Commissioner has the better argument.

A treating physician's medical opinion as to the nature and severity of an individual's impairment is entitled to controlling weight when that opinion is well-supported and not inconsistent with other substantial evidence in the record. *See, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). Even when not controlling, such opinions are entitled to deference and must be weighed properly pursuant to applicable regulations. *See, e.g.*, *id.* Nonetheless, the opinion of a treating physician is not necessarily conclusive as to the existence of an impairment or the ultimate issue of a claimant's disability. *See, e.g.*, *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002). If a treating doctor's opinion is contradicted by another doctor, the ALJ may reject the treating doctor's opinion by providing "specific and legitimate reasons" supported by substantial evidence in the record. *See, e.g.*, *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).

In this case, Dr. Machuca provided a medical source statement for Plaintiff. *See* A.R. 418-19. Dr. Machuca opined therein that Plaintiff could sit for 6 hours a day for 15-20 minutes at a time, stand/walk for a total of 1-2 hours a day for 5-10 minutes at a time; could lift 10 pounds occasionally and 5 pounds frequently; could occasionally climb ramps and stairs; could occasionally balance; could occasionally stoop and bend; and could never climb ladders, climb scaffolds, kneel, crouch, or squat. Dr. Machuca opined that Plaintiff would need to take unscheduled breaks more than twice a day for 15-20 minutes and would miss more than 4 days of work each month. Dr. Machuca opined that Plaintiff's back pain and fatigue would prevent him from concentrating for more than a total of 2 hours in an 8-hour workday.

The ALJ discounted Dr. Machuca's opinion for several reasons, including that the opinion was (1) inconsistent with the medical record, (2) inconsistent with the opinion of consultative examiner Dr. Kirby Reed, and (3) inconsistent with Plaintiff's daily activities. A.R. 23-24. The ALJ's findings are supported by substantial evidence and appropriate factors to consider in discounting a doctor's opinion. For example, the ALJ discussed aspects of the medical record reflecting that the impairments suffered by Plaintiff were relatively mild. *See, e.g.*, A.R. 338-40,

342, 545 (imaging reports showing mild conditions). The ALJ did not err in discounting Dr. Machuca's opinion as being inconsistent with the medical record. *See, e.g.*, *Tommasetti v. Astrue*, 533 F.3d 1035, 1040-41 (9th Cir. 2008). In addition, Dr. Machuca's findings are inconsistent with the findings of consultative examiner, Dr. Reed, who found insufficient evidence of significant limitation and that Plaintiff did not need to use a cane to walk. *See* A.R. 410-14.[4] The ALJ did not err in discounting Dr. Machuca's opinion as inconsistent with Dr. Reed's opinion. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Moreover, Plaintiff's regular activities include not only cooking, washing dishes, doing laundry, driving, and cleaning the house, but also shopping for up to 30 minutes. *See, e.g.*, A.R. 175 ("I can walk around the grocery store for about 30 minutes, and then go home, put the groceries away, and I have to lay down"), A.R. 411. The ALJ was permitted to find such daily activities are inconsistent with the severe limitations found by Dr. Machuca, which included Plaintiff being able to stand or walk for no more than 5 to 10 minutes at a time. *See* A.R. 418. The ALJ did not err in discounting Dr. Machuca's opinion as inconsistent with Plaintiff's daily activities. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

In short, the ALJ's decision was based on substantial evidence and relied upon factors that are legally permissible. Accordingly, the ALJ did not err in discounting Dr. Machuca's opinion.

### B. Evaluation of Plaintiff's Testimony

Plaintiff next argues that the ALJ erred in discounting his own testimony without providing sufficient reasoning. Mot. at 11-13. The Commissioner counters that the ALJ articulated permissible grounds on which to on discount that testimony. Resp. at 8-10. The Commissioner has the better argument.

The ALJ is required to engage in a two-step analysis to evaluate a claimant's testimony as to his pain and other symptoms: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged; and (2) if so, whether the intensity and persistence of those symptoms limit an individual's ability to perform work-related activities. *See* SSR 16-3p. In the absence of

---

[4] Dr. Reed also noted that Plaintiff may have been uncooperative during the examination, potentially because of pending litigation. *See* A.R. 412.

8

evidence of malingering, an ALJ may only reject the individual's testimony about the severity of symptoms by giving specific, clear, and convincing reasons. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). Factors that an ALJ may consider include inconsistent daily activities, an inconsistent treatment history, and other factors concerning an individual's functional limitations. *See* SSR 16-3p. If an ALJ's determination to discount this testimony is supported by substantial evidence, the courts should not second-guess that determination. *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012).

In this case, the ALJ discounted Plaintiff's testimony for several reasons, including that it was (1) inconsistent with the medical record and Dr. Reed's findings, (2) inconsistent with his daily activities, and (3) undermined by Plaintiff's own inconsistent statements. A.R. 23. The ALJ's findings are supported by substantial evidence and appropriate factors to consider in discounting a claimant's testimony. As discussed above, aspects of the medical record reflect that the impairments suffered by Plaintiff were relatively mild and Dr. Reed found relatively mild limitations. *See, e.g.*, A.R. 338-40, 342, 410-17, 545. The ALJ did not err in discounting Plaintiff's testimony as inconsistent with the medical record and Dr. Reed's opinion. *See, e.g.*, *Burch*, 400 F.3d at 681; *Batson*, 359 F.3d at 1196. As also discussed above, Plaintiff's daily activities included not only cooking, washing dishes, doing laundry, driving, and cleaning the house, but also shopping for up to 30 minutes. *See, e.g.*, A.R. 175, 411. The ALJ did not err in discounting Plaintiff's testimony as inconsistent with his daily activities. *See, e.g.*, *Bray*, 554 F.3d at 1227. Moreover, the record revealed inconsistencies in Plaintiff's own statements, including contradictions as to why he stopped working. *Compare* A.R. 411 (indication that Plaintiff was fired from last job) *with* A.R. 173 (testimony from Plaintiff that he stopped working due to injury). The ALJ did not err in discounting Plaintiff's testimony given such contradictions. *See Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995).

In short, the ALJ's decision was based on substantial evidence and relied upon factors that are legally permissible. Accordingly, the ALJ did not err in discounting Plaintiff's testimony.

### C. Evaluation of Lay Testimony

Plaintiff lastly argues that the ALJ erred in discounting the lay testimony provided through a letter submitted by Plaintiff's neighbor, Cynthia Sedman. Mot. at 13-14. The Commissioner counters that the ALJ articulated permissible grounds on which to discount that lay testimony. Resp. at 10-11. The Commissioner has the better argument.

In rejecting the testimony from lay witnesses, such as a claimant's family and friends, an "ALJ need only give germane reasons." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). This standard is "much lower" than the standard applicable to rejecting a claimant's own testimony. *Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017). Indeed, if an ALJ provided clear and convincing reasons for rejecting a claimant's subjective complaints, and lay testimony was similar to such complaints, then it follows that the ALJ also gave germane reasons for rejecting the lay witness testimony. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

In this case, the ALJ discounted the lay testimony of Ms. Sedman for several reasons. A.R. 25. Most significantly, the ALJ found that Ms. Sedman's letter was inconsistent with the medical record. For the reasons stated above, that finding was supported by susbstantial evidence and is a germane reason for discounting Ms. Sedman's letter.

### IV.  CONCLUSION

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 22) be **DENIED** and that the Commissioner's Cross-Motion to Affirm (Docket No. 27) be **GRANTED**.

Dated: June 18, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.**

The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).